**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00001-CMA-MEH
(Consolidated with 11-cv-00743-CMA-MEH)

WILDEARTH GUARDIANS,
NATIONAL PARKS CONSERVATION ASSOCIATION, and
ENVIRONMENTAL DEFENSE FUND,

     Plaintiffs,

v.

LISA P. JACKSON, in her official capacity as Administrator,
  United States Environmental Protection Agency,

     Defendant,

STATE OF NORTH DAKOTA, and
NORTH DAKOTA DEPARTMENT OF HEALTH,

     Intervenors.

---

**ORDER GRANTING THE STATE OF NORTH DAKOTA AND THE NORTH DAKOTA DEPARTMENT OF HEALTH'S MOTION TO INTERVENE**

---

This matter is before the Court on the State of North Dakota and the North Dakota Department of Health's (collectively "North Dakota") Unopposed[1] Motion to Intervene as a party in this action pursuant to Fed. R. Civ. P. 24. (Doc. # 38.)

Rule 24(a)(2) entitles a movant to intervene as of right if: (1) the movant claims an interest relating to the property or transaction that is the subject of the action; (2) the

---

[1] Plaintiffs WildEarth Guardians and National Parks Conservation Association and Defendant Administrator of the U.S. Environmental Protection Agency filed responses, indicating that they do not oppose North Dakota's Motion to Intervene. (Doc. ## 45, 46.) Plaintiff Environmental Defense Fund did not file a response.

disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest. *See* Fed. R. Civ. P. 24(a)(2).  The "central purpose" of Fed. R. Civ. P. 24 is to allow intervention by those who might be "practically disadvantaged" by a case's disposition. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 970 (3rd Cir. 1998).  Describing the interest test as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process[,]" the Tenth Circuit has "tended to follow a somewhat liberal line in allowing intervention." *Utahns for Better Transportation v. United States Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) (internal quotations and citation omitted).

In this case, for the reasons expressed in North Dakota's Motion to Intervene, the Court finds that North Dakota has satisfied the requirements of Fed. R. Civ. P. 24(a), and must therefore be permitted to intervene as a matter of right.

Accordingly, it is ORDERED that North Dakota's Motion to Intervene (Doc. # 38) is GRANTED, and that North Dakota is hereby accorded party status in this case.

It is FURTHER ORDERED that all responses to North Dakota's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 40) are due twenty-one days from the date of this Order.

DATED:  August 9, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge