IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-0001-CJA-MEH
(Consolidated with 11-cv-00743-CMA-MEH)

WILDEARTH GUARDIANS,

        Plaintiffs,

    v.

LISA JACKSON, in her official capacity as
Administrator, United States Environmental
Protection Agency,

        Defendant.

---

## CONSENT DECREE

---

This Consent Decree is entered into by Plaintiffs WildEarth Guardians ("Guardians"),

National Parks Conservation Association ("NPCA"), and the Environmental Defense Fund

("EDF"), and by Defendant Lisa Jackson, in her official capacity as Administrator of the United

States Environmental Protection Agency ("EPA").

WHEREAS, Guardians filed this action pursuant to section 304(a)(2) of the Clean Air

Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that EPA failed to perform a duty mandated by

CAA section 110(k)(2) and (3), 42 U.S.C. § 7410(k)(2) and (3), by not acting on two State

Implementation Plan ("SIP") submissions, one addressing Colorado regional haze and the other

addressing North Dakota excess emissions during startup, shutdown, malfunction and

maintenance. The complaint further sought to compel EPA to take final action on these

submissions by a date certain;

WHEREAS, Guardians and NPCA filed an amended complaint pursuant to CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), alleging additional claims that EPA failed to perform a duty mandated by CAA section 110(k)(2) and (3), 42 U.S.C. § 7410(k)(2) and (3), by not acting on a Wyoming SIP submission addressing Wyoming regional haze, and duties mandated by CAA section 110(c), 42 U.S.C. § 7410(c), to promulgate regional haze Federal Implementation Plans ("FIPs") for Montana, North Dakota, Colorado and Wyoming.  The amended complaint further sought to compel EPA to take final action on these regional haze matters by a date certain;

WHEREAS, the Environmental Defense Fund ("EDF") filed a complaint pursuant to CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), alleging that EPA failed to perform a duty mandated by CAA section 110(c), 42 U.S.C. § 7410(c), to promulgate a regional haze FIP for the State of Colorado or, alternatively, to finally approve a regional haze SIP for the State of Colorado;

WHEREAS, Guardians, NPCA, EDF and EPA (collectively, the "Parties") wish to effectuate a settlement of the above-captioned cases without expensive and protracted litigation, and without a litigated resolution of any issue of law or fact;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of the claims in the above-captioned case and consent to entry of this Consent Decree; and

WHEREAS, the Court, by entering this Consent Decree, finds that this Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 *et seq.*

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has subject matter jurisdiction over the claims set forth in the Amended Complaint and the EDF Complaint and to order the relief contained in this Consent Decree.

2. Venue is proper in the United States District Court for the District of Colorado.

**Resolution of Claim Asserted Solely by Guardians**

3. By October 27, 2011, or within 20 days after the entry date of this Consent Decree, whichever date is later, EPA shall sign a notice of final rulemaking in which it takes final action on the State of North Dakota's revisions to Chapters 33-15-01 and 33-15-05, N.D.A.C., that North Dakota submitted to EPA on April 6, 2009. Such final action may consist of an approval, disapproval, limited approval/limited disapproval, partial approval/partial disapproval, or any combination thereof, as long as EPA takes final action on the entirety of the specified rule revisions.

**Resolution of Claims Asserted by Guardians and NPCA**

4. By July 21, 2011, or within 20 days after the entry date of this Consent Decree, whichever date is later, EPA shall sign a notice of proposed rulemaking in which it proposes approval of a SIP, promulgation of a FIP, partial approval of a SIP and promulgation of a partial FIP, or approval of a SIP or promulgation of a FIP in the alternative, for the State of North Dakota, to meet the regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations.

5. EPA shall by January 26, 2012, sign a notice of final rulemaking promulgating a FIP for the State of North Dakota, to meet the regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze

regulations, unless, by January 26, 2012, EPA has signed a notice of final rulemaking unconditionally approving a SIP, or promulgating a partial FIP and partial unconditional approval of a SIP, for the State of North Dakota that meets the regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations.

6.  By April 15, 2012, EPA shall sign a notice of proposed rulemaking in which it proposes approval of a SIP, promulgation of a FIP, partial approval of a SIP and promulgation of a partial FIP, or approval of a SIP or promulgation of a FIP in the alternative, for the State of Wyoming, to meet the regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations.

7.  EPA shall by October 15, 2012, sign a notice of final rulemaking promulgating a FIP for the State of Wyoming, to meet the regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations, unless, by October 15, 2012, EPA has signed a notice of final rulemaking unconditionally approving a SIP, or promulgating a partial FIP and partial unconditional approval of a SIP, for the State of Wyoming that meets the regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations.

8.  By January 20, 2012, EPA shall sign a notice of proposed rulemaking in which it proposes approval of a SIP, promulgation of a FIP, partial approval of a SIP and promulgation of a partial FIP, or approval of a SIP or promulgation of a FIP in the alternative, for the State of Montana, to meet the regional haze implementation plan

requirements that were due by December 17, 2007 under EPA's regional haze regulations.

9. EPA shall by June 29, 2012, sign a notice of final rulemaking promulgating a FIP for the State of Montana, to meet the regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations, unless, by June 29, 2012, EPA has signed a notice of final rulemaking unconditionally approving a SIP, or promulgating a partial FIP and partial unconditional approval of a SIP, for the State of Montana that meets the regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations.

**Resolution of Claims Asserted by Guardians, NPCA and EDF**

10. By March 8, 2012, EPA shall sign a notice of proposed rulemaking in which it proposes approval of a SIP, promulgation of a FIP, partial approval of a SIP and promulgation of a partial FIP, or approval of a SIP or promulgation of a FIP in the alternative, for the State of Colorado, to meet the regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations.

11. EPA shall by September 10, 2012, sign a notice of final rulemaking promulgating a FIP for the State of Colorado, to meet the regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations, unless, by September 10, 2012, EPA has signed a notice of final rulemaking unconditionally approving a SIP, or promulgating a partial FIP and partial unconditional approval of a SIP, for the State of Colorado that meets the regional

haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations.

**General Provisions**

12. The deadline in Paragraph 3 may be extended for a period of 60 days or less by written stipulation executed by counsel for EPA and Guardians and filed with the Court. Any other extension of a deadline in paragraph 3 may be approved by the Court upon motion made pursuant to the Federal Rules of Civil Procedure by EPA and upon consideration of any response by Guardians and reply by EPA. The deadlines in Paragraphs 4 through 9 may be extended for a period of 60 days or less by written stipulation executed by counsel for EPA, Guardians and NPCA and filed with the Court. Any other extension of a deadline in paragraphs 4 through 9 may be approved by the Court upon motion made pursuant to the Federal Rules of Civil Procedure by EPA and upon consideration of any response by Guardians and NPCA, and reply by EPA. The deadlines in Paragraphs 10 and 11 may be extended for a period of 60 days or less by written stipulation executed by counsel for EPA, Guardians, NPCA, and EDF and filed with the Court. Any other extension of a deadline in paragraphs 10 and 11 may be approved by the Court upon motion made pursuant to the Federal Rules of Civil Procedure by EPA and upon consideration of any response by Guardians, NPCA and EDF, and reply by EPA. Any other modification of this Consent Decree may be approved by the Court upon motion made pursuant to the Federal Rules of Civil Procedure by any Party to this Consent Decree and upon consideration of any response by the non-moving Parties and reply by the moving party.

13. The United States agrees to pay Guardians as full settlement of all claims by

    Guardians for attorneys' fees, costs, and expenses ("costs of litigation") incurred in

    this consolidated litigation through the date of lodging this consent decree, under any

    authority, the sum of $23,545 as soon as reasonably practicable following entry of

    this Consent Decree, by electronic funds transfer to a bank account identified by

    Guardians. Guardians agrees that the United States' payment to Guardians of

    $23,545 fully satisfies any and all claims for costs of litigation Guardians may have

    with respect to these consolidated cases, except that Guardians reserves the right to

    seek costs of litigation pursuant to 42 U.S.C. §7604(d) for any additional work

    performed after the lodging of this Consent Decree. The costs of litigation paid under

    this Paragraph shall have no precedential value in any future claim. Guardians will

    not seek costs of litigation incurred between February 22, 2011 and the date of

    lodging this consent decree in Case No. 09-cv-02148-REB-MJW (D. Colo.). NPCA

    does not seek costs of litigation related to its claims in these consolidated cases for

    work performed through the date of lodging this Consent Decree. NPCA reserves its

    right to seek costs of litigation pursuant to 42 U.S.C. §7604(d) for any work

    performed after the lodging of this Consent Decree. EDF, which filed a separate

    complaint in this matter, does not seek costs of litigation related to its claims in these

    consolidated cases for work performed before or after the lodging of this Consent

    Decree. EPA does not concede that Guardians or NPCA will be entitled to fees for

    any work performed by Guardians or NPCA after the lodging of the Consent Decree,

    and EPA reserves all defenses with respect to any future costs of litigation claim.

14. No later than ten business days following signature of the notice of any proposed or final rulemaking referenced above, EPA shall submit the notice for review and publication to the Office of the Federal Register.  Following such delivery to the Office of the Federal Register, EPA shall not take any step to delay or otherwise interfere with publication of such notice in the Federal Register.

15. Guardians, NPCA, EDF and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

16. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any responses or final actions contemplated by this Consent Decree.  EPA's obligation to perform the actions specified by Paragraphs 3 through 11 by the times specified does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

17. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law or to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the SIPs or FIPs identified in paragraphs 3 through 11 of this Consent Decree.

18. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree.  Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to CAA section 307(b)(1) and 505, 42

U.S.C. §§ 7607(b)(1), 7661d.  Nothing in this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

19. The Parties recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

20. Any notices required or provided for by this Consent Decree shall be made in writing and sent via e-mail to the following:

**For Guardians:**

Ashley Wilmes
awilmes@wildearthguardians.org

James Tutchton
jtutchton@wildearthguardians.org

**For NPCA:**

Reed Zars
rzars@lariat.org

**For EDF:**

Pamela Campos
pcampos@edf.org

**For EPA:**

Alan Greenberg
alan.greenberg@usdoj.gov

Lea Anderson
anderson.lea@epa.gov

Jonah Staller
staller.jonah@epa.gov

21. In the event of a dispute among the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within ten business days after receipt of the notice, any Party may move the Court to resolve the dispute.

22. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be properly filed unless the Party seeking to enforce this Consent Decree has followed the procedure set forth in Paragraph 21.

23. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to resolve any disputes thereunder, and to consider any requests for costs of litigation (including reasonable attorneys' fees). After EPA's obligations under Paragraphs 3 through 14 have been completed, this consent decree may be terminated. EPA shall notify the Court by motion of the completion of its obligations under Paragraphs 3 through 14, and Plaintiffs shall have 14 days in which to respond to such motion.

24. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice in the Federal Register and an opportunity for comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). EPA will deliver a public notice of this Consent Decree to the Federal Register for

10

publication and public comment within 10 business days after lodging this Consent

Decree with the Court. After this Consent Decree has undergone an opportunity for

notice and comment, EPA's Administrator and the Attorney General, as appropriate,

will promptly consider any such written comments in determining whether to

withdraw or withhold consent to this Consent Decree, in accordance with section

113(g) of the Clean Air Act. If the Administrator or the Attorney General elects not

to withdraw or withhold consent to this Consent Decree, the Parties will promptly file

a motion that requests the Court to enter this Consent Decree. If a motion to enter the

Consent Decree is not filed within 90 days after the notice is published in the Federal

Register, any party may file dispositive motions in this matter.

25. It is hereby expressly understood and agreed that this Consent Decree was jointly

drafted by the Parties and that any and all rules of construction to the effect that

ambiguity is construed against the drafting party shall be inapplicable in any dispute

concerning the terms, meaning, or interpretation of this Consent Decree.

26. The undersigned representatives of each Party certify that they are fully authorized by

the Party they represent to bind that Party to the terms of this Consent Decree.

SO ORDERED this 27 day of September 2011.

United States District Judge
CHRISTINE   M.   ARGUELLO

11

SO AGREED:

FOR PLAINTIFF WILDEARTH GUARDIANS

s/Ashley D. Wilmes

Dated: June 6, 2011

_____

Ashley D. Wilmes
WildEarth Guardians
827 Maxwell Ave., Suite L
Boulder, CO 80304
(859) 312-4162
awilmes@wildearthguardians.org

FOR PLAINTIFF NATIONAL PARKS
CONSERVATION ASSOCIATION:

s/ Reed Zars

Dated: June 6, 2011

_____

Reed Zars
Attorney at Law
910 Kearney Street
Laramie, WY  82070
307-745-7979
rzars@lariat.org

FOR ENVIRONMENTAL DEFENSE FUND:

s/ Pamela Campos

Dated:  June 6, 2011

_____

Pamela Campos
Environmental Defense Fund
2060 Broadway, Suite 300
Boulder, CO 80302
720-205-2366
pcampos@edf.org

FOR DEFENDANT LISA JACKSON:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

By:  s/Alan D. Greenberg

Dated: June 6, 2011

_____

ALAN D. GREENBERG
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1366
alan.greenberg@usdoj.gov